UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASYMMETRIC OPERATIONS GROUP
LLC, etc.,

        Plaintiff,

v.                                           CASE NO. 3:26-cv-1634-JEP-SJH

BLACK CREEK PRECISION, LLC,
etc.,

        Defendant.
_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion to Seal Exhibits Submitted in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Doc. 22. On June 26, 2026, Plaintiff filed a motion for a temporary restraining order and preliminary injunction, with supporting exhibits (together, "TRO Papers"). Docs. 21, 21-1–21-17. The TRO Papers were filed publicly, with discrete redactions to three exhibits or parts thereof. *Id.* The Motion seeks to file under seal in unredacted form these three exhibits. Doc. 22. The proposed items to be sealed, Docs. 22-1–22-3, are attached to the Motion, which is unopposed, Doc. 30.[1]

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). This

---

[1] Defendant responded in opposition to the TRO Papers, Doc. 28, Plaintiff replied, Doc. 32, and the Court ruled, Doc. 34, each without redaction.

common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* (citation omitted). The common-law "right of access is not absolute, however." *Id.* It "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (citation and quotation marks omitted) (listing factors considered in balancing these interests).

Here, for the reasons stated in the Motion, good cause has been shown at this time for the sealing requests—which pertain to product specifications, packing information, and logistics practices concerning transport and delivery of explosives. *See* Doc. 22 at 3–5. In addition, Plaintiff has narrowly tailored the sealing requests, which pertain to only discrete exhibits within the TRO Papers. Thus, the Motion will be granted. *See, e.g.*, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & DeCamp, LLP*, No. 6:19-cv-1908-WWB-EJK, 2022 WL 17541230, at *1–2 (M.D. Fla. Dec. 8, 2022).

Accordingly, it is **ordered** that the Motion is **granted**. Unless otherwise ordered by the Court, docket entries 22-1 through 22-3 shall remain sealed.

**DONE AND ORDERED** in Jacksonville, Florida, on July 13, 2026.

Samuel J. Horovitz
United States Magistrate Judge

2

Copies to:

Counsel of Record

3